UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-365-F

| | | |
|---|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| X DIGITAL MEDIA, INC.; and SANDRO DALPORTO, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Default Judgment [DE-7] on the Third Claim for Relief as against individual defendant Sandro Dalporto; and due to named defendant, X Digital Media, Inc.'s failure to respond to this court's order of August 21, 2009 [DE-5].

The Clerk of Court entered default against Sandro Dalporto by order filed October 1, 2009 [DE-8] in the principle sum of Two Hundred Twenty Four Thousand Twenty Eight and 08/100 Dollars ($224,028.08), based on the affidavit of plaintiff's counsel that process was served on Dalporto "as appears from the original Affidavit of Service filed with the Court on July 20, 2009," and Dalporto's subsequent failure to answer or otherwise plead. Plaintiff's affidavit of service may have been filed in the state court, but it is not of record in this court. Plaintiffs' Motion for Judgment of Default [DE-7] is DENIED without prejudice to renew it within **thirty (30) days** hereof, accompanied by proof of service of process on Dalporto.[1]

By order of August 21, 2009, the undersigned directed the corporate defendant, X Digital, Inc., to appear through counsel within 45 days, or be ordered to show cause why this

---

[1] The court recognizes that Dalporto admitted in his Notice of Removal [DE-1] that "[o]n July 14, 2009, service was made on defendant of a summons and complaint . . . ." However, the court does not perceive the Notice of Removal to be the document to which the plaintiff refers in its Request to Enter Default and Affidavit [DE-6], p. 1.

matter should not be remanded as to it. X Digital, Inc. has not so appeared, and has not filed any response to the court's order.

> Under well established federal law, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Under this rule, a corporation is not permitted to appear pro se. *Id.* Numerous cases have considered and affirmed this principle. *See, e.g., Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D.N.C. 2001) (dismissing claims brought pro se on behalf of a corporation based on lack of licensed counsel), *aff'd*, 21 Fed. Appx. 159 (4th Cir. 2001); *Carrico v. Village of Sugar Mountain*, 114 F. Supp. 2d 422, 424 (W.D.N.C. 2000) (holding that a corporate plaintiff's claims must be dismissed on the ground of failure of any attorney to appear for the corporation), *aff'd*, 13 Fed. Appx. 79 (4th Cir. 2001); *Microsoft Corp. v. Computer Serv. & Repair, Inc.*, 312 F. Supp. 2d 779, 782 (E.D.N.C. 2004) (striking a corporation's pleadings where they were signed by the corporation's president but not by an attorney); *Gilley v. Shoffner*, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004).

*Terry v. Sparrow*, 328 B.R. 442, 446 (M.D.N.C. 2005).

In light of the foregoing, the court will entertain such motion concerning X Digital, Inc. as the plaintiff deems appropriate to file within **thirty (30) days** of the date of this order. *Cf. Ellenberg v. Spartan Motors Chassis, Inc.*, 519 F.3d 102, 198-99 (4th Cir. 2008) (where remand would be justified by a defect in removal other than a lack of subject matter jurisdiction, the defect must be asserted by a party's motion to remand filed within 30 days pursuant to 28 U.S.C. § 1447(c)). Failure of the plaintiff to file a motion concerning X Digital, Inc., will result in the dismissal of plaintiff's claim against that corporate defendant.

The Clerk of Court is DIRECTED to re-submit this matter to the undersigned for disposition after December 1, 2009.

SO ORDERED.

This the 29th day of October, 2009.

James C. Fox
Senior United States District Judge

2

Case 5:09-cv-00365-F    Document 9    Filed 10/29/09    Page 2 of 2